JOSEPH S. PAUL *vs.* BIRD AND WELD.

1. In attachment under the act of April, 1852, if the writ is not served on the defendant in time, it will be quashed.

2. The writ performs the offices of a summons and an attachment.

3. The summons is the commencement of the suit, the attachment an incident of it. If the writ is quashed as a summons, the attachment falls with it.

---

On motion to quash writ of attachment.

Argued before POTTS, RYERSON, and VREDENBURGH, Justices; *E. W. Scudder*, for the motion, *W. Halsted*, contra.

POTTS, J. This is a suit commenced under the supplement to the attachment act, passed in April, 1855, *Nix. Dig.* 42. The writ was made returnable to the fourth Tuesday in January, which was the 22d, and was served, as appears by the sheriff's return, on the 21st day of January, on the defendants personally. The sheriff also, by virtue of the writ, on the same day, attached certain effects and

credits of one of the defendants in the hands of several garnishees.

The motion now made is to quash this writ, on the ground that it was served too late. The third section of the supplemental act directs that the proceedings in attachment under this act shall be the same, in all respects, as in the case of an attachment against an absent debtor, except that notice of the same need not be given in a public newspaper; and in lieu thereof, the writ shall be served in the manner required for the service of a summons, in addition to the service, now required, of an attachment.

This, it must be borne in mind, is a proceeding against a resident, not an absent debtor. The process issued is in the nature of a summons, as well as of a writ of attachment. As a summons, it must be served in the same manner as the ordinary summons in a suit at law; if served personally, the service must be made at least two entire days before the return; if not, it must be served at least six entire days before the return. Here the service was made only the day before the return. This was not a legal service, and the writ, for this, must be quashed.

It is insisted, however, by the counsel of the plaintiff, that even though the writ be quashed as a summons, yet it may be good as an attachment; that the plaintiff should be allowed to retain the lien he has acquired by virtue of the attachment, and issue a new summons to the defendants to appear and answer to the suit. But there is nothing in the act to warrant this practice. The effect of such a construction would be to allow a plaintiff under one writ to attach property or credits of a defendant in the hands of a garnishee to-day, and summon him to appear to the suit by a subsequent writ, to be issued and served at some future day; to have two writs, instead of one, issued and made returnable on different days.

The act gives but one writ, calls it a writ of attachment, and directs that it shall perform the double office of a summons and an attachment; be served as a summons

and executed as an attachment. The summons is the commencement of the suit, the attachment an incident of it. To quash the summons is to put an end to the suit, and the proceeding in attachment necessarily falls with it.

Let the writ be quashed.

RYERSON and VREDENBURGH, Justices, concurred.